Jacob J. Sohwartzwald, J.
This is a proceeding to review the determination of respondent denying decontrol.
Petitioners, owners of a two-family dwelling, converted the vacant second floor, seven-room apartment into a three- and four-room apartment. In September, 1958 the tenant of the three-room, front apartment entered into an oral agreement to rent the apartment upon completion of the conversion and to pay $70 per month therefor commencing September 1, 1958. Rent was paid until May 1, 1959, at which time the tenant entered into possession, although it appears work was still proceeding to complete the conversion.
A certificate of occupancy was obtained on July 21, 1960 and petitioners thereafter rented the rear apartment. Subsequently an application was made to the Rent Commission for an order of decontrol which was granted unconditionally as to the rear apartment. The order provided, however, as to the front apartment that it was subject to control so long as the present tenant remained in possession and that a separate proceeding would. be instituted to fix the maximum rent and services thereof. Petitioners’ protest was dismissed.
*810 Section 11 (subd. a, par. [1]) of the Bent, Eviction and Rehabilitation Regulations of the City Rent and Rehabilitation Administration provides, so far as pertinent, that: ‘1 the Administrator shall issue an order decontrolling additional housing accommodations * * * resulting from conversion of housing accommodations on or after May 1, 1950, if there has been a structural change involving substantial alterations or remodeling and such change has resulted in additional housing accommodations consisting of self-contained family units; provided, however, that such order of decontrol shall not apply to that portion of the original housing accommodations occupied by a tenant in possession at the time of the conversion, but only so long as such tenant continues in occupancy ’ ’. (Emphasis supplied.)
Respondent concedes that the alterations resulted in additional housing accommodations warranting decontrol under the above section but held that the provision of the section limiting decontrol as to a tenant in possession at the time of the conversion governed the subject apartment, “ that the tenant was not allowed to take possession for many months after renting the apartment because of the fact that the conversion of the original apartment was taking place and did not enter into possession until the major alterations were completed. However, there is no question but that the tenant had the right to possession.”
On this record it may not be said that respondent’s determination was arbitrary or contrary to law. The petition is dismissed.